JOHN ZICK, RESPONDENT, v. JOHN F. SMITH,
APPELLANT.

Submitted December 2, 1920—Decided March 5, 1921.

1. For an assault and battery founded in malice punitive damages
   may be recovered in a civil action, although the plaintiff therein
   has caused criminal proceedings to be taken against the defend-
   ant for the assault and battery.
2. Where evidence of reduced earning power due to injury has been
   admitted at the trial without objection, the appellate court will
   not consider the question whether the complaint as framed is not
   sufficiently broad to cover a claim of reduced earning power, as
   an amendment could have been allowed at the trial or can be
   allowed after the trial in the appellate court.

On appeal from the Hudson County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN
and KATZENBACH.

For the appellant, *Collins & Corbin.*

For the respondent, *Atwood C. Wolf* (*Abraham Levitan,*
of counsel).

The opinion of the court was delivered by

KATZENBACH, J. This is an appeal from a judgment ob-
tained in an action instituted by the plaintiff-respondent
against the defendant-appellant to recover damages for an
atrocious assault and battery committed by the defendant.
The plaintiff was a night watchman for the Erie railroad.
He quit work at six A. M. on October 31st, 1917, and went
to the office to receive his pay. Upon receiving his pay
check he noticed that it was for $3.60 less than he believed
was due him. He waited for his foreman, and upon the
arrival of the foreman was told by him that Smith, the de-
fendant, had done it and he (the foreman) did not know
what the trouble was. The plaintiff asked for his time and

said he did not want to work longer for the railroad company. The foreman promised to give the plaintiff his time upon his return from the office where he was obliged to go. While waiting for the return of the foreman, the defendant came along and called the plaintiff vile names and upon the plaintiff stating that he did not want to work there any longer the defendant again used abusive language to the plaintiff. After receiving his time, the plaintiff was leaving the premises when the defendant struck him, breaking the small bone in his arm.

The principal ground relied upon for the reversal of the judgment is that the trial court charged the jury that where the act is a malicious one the plaintiff is entitled to recover punitive damages; that punitive damages are not permitted because a plaintiff is entitled thereto, but first, as a punishment to the person who takes the law in his hands, and secondly, as a warning to deter others from taking the law into their hands. The appellant contends that punitive damages cannot be assessed in an action for assault and battery as the wrong is one for which the wrong-doer may be punished criminally; that the plaintiff took criminal proceedings against the defendant in addition to the institution of the civil action, and if the plaintiff is permitted to recover punitive damages in addition to compensatory damages, the defendant is being punished twice for the same offence, once in the criminal proceedings and again in the civil proceedings by the imposition of punitive damages; and that this should not be the aim of the law.

In some jurisdictions it is the law that punitive damages in a civil action cannot be assessed in an action for assault and battery because the wrong is one for which the wrong-doer may be punished criminally. This principle has, however, never found lodgment in the law of this state. It is illogical. The criminal action is a punishment for the wrong done to the public. The punitive damages is a punishment for the wrong done to the individual. The case of *Blackmore* v. *Ellis*, 70 *N. J. L.* 264, is a case in which the Court of Errors and Appeals held that in a civil action for

an assault and battery, punitive damages might be recovered if the wrongful act of the defendant was founded in malice.

In the case of *Trainer* v. *Wolff*, 58 *N. J. L.* 381, Mr. Justice Gummere (now Chief Justice), speaking for the Court of Errors and Appeals, said that if the jury found the act of the defendant (the removal of weather boards from the house of the plaintiff) to be a willful trespass, it was their province to say whether or not the plaintiff should have exemplary damages as a punishment to the defendant.

In the case of *Magee* v. *Holland*, 27 *N. J. L.* 86, which was an action for trespass on the case for taking the infant children of the plaintiff out of his possession, this court held that the jury could give exemplary damages to the plaintiff for the injury done to his feelings, to vindicate his rights, and to prevent similar abuses. The case last mentioned was decided in 1858, and the principle therein enunciated has been consistently followed since that date in the subsequent cases to which reference has been made. We see no reason to change it now, as it seems to us to be a principle founded in reason and good sense.

In the present case there was evidence that the wrongful act of the defendant was founded in malice. It was, therefore, proper for the trial court to submit to the jury the question of punitive damages and we find no error in the language used by the trial court in the submission of this question.

The further contention is made that the trial court erred in charging the jury that the plaintiff was entitled to recover for reduced earning power for the reasons that there was no allegation in the complaint of the plaintiff's reduced earning power and no evidence to support it. A physician, called by the plaintiff, testified that the plaintiff was wholly incapacitated from work for two months after the fracture and that two years thereafter the plaintiff's arm was not in as good condition for manual labor as before the accident. We consider this evidence of reduced earning power.

The complaint alleged that the plaintiff "has been * * * deprived of the use of his left arm which has been fractured

by reason of said blows." Although the plaintiff may have been a night watchman for the Erie Railroad Company, he was in fact a laborer. It necessarily follows that a fracture of the arm would, with one dependent upon manual labor for his earnings, reduce during such disability his earning power. This allegation in the complaint of the deprivation of the use of the arm seems to us broad enough to cover a claim of reduction of earning power. No objection was made to the introduction of the evidence referred to on the ground that the allegations of the complaint were not sufficiently broad. Had there been an objection, the complaint could have been amended. In fact, the power of amendment in this state is so broad that an amendment can be made in an appellate court. *Thompson* v. *Peppler,* 91 *N. J. L.* 160.

This disposes of the questions argued in the appellant's brief. The judgment will be affirmed, with costs.