JANE SOLOMON AND SAMUEL SOLOMON, PLAINTIFFS-APPELLANTS, v. THE ALPS KANDY SHOPPE, INCORPORATED, DEFENDANT-RESPONDENT.

Submitted October 11, 1935—Decided February 13, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices LLOYD and DONGES.

For the appellants, *McCarthy & McTague* and *Theodore D. Parsons* (*James A. McTague, Jr.,* of counsel).

For the respondent, *Durand, Ivins & Carton.*

LLOYD, J.  The plaintiff Jane Solomon was injured by falling over the platform of a weighing scale which in her complaint she alleged to have been negligently placed in the path of exit as she left the restaurant of the defendant.  A verdict was directed for the defendant on the ground that there was a variance between the complaint and the proofs, and from the consequent judgment the plaintiff appeals.

The variance claimed was that a weighing scale, having a base of fifteen inches square and a registering face a few

inches wide four or five feet above, and supported by a narrow upright, was in a recess at the end of the defendant's soda counter and not in the path of plaintiff's leaving the restaurant. The plaintiff's proofs did establish, however, that as the plaintiff was leaving the store she stepped into this recess between the end of the soda fountain counter and the front wall of the store to obtain a toothpick, as she had been in the habit of doing on previous occasions, and that she stumbled over the base of the scale which she had not observed. No objection was made to this proof, but at the end of plaintiff's evidence a motion for nonsuit was made and denied. Later the motion for direction was sustained. While on the motion for direction a number of grounds were given, namely, the absence of defendant's negligence, the negligence of the plaintiff, and the variance in the proofs, the judge ruled on the variance alone.

The defendant contends that the judgment should be sustained on the ground set forth as the reason stated by the judge, and also on the further grounds that there was no negligence on the part of the defendant and that there was negligence on the part of the plaintiff. It is to be noted that when the motion for direction was made the plaintiff asked leave to amend her complaint (the point of variance was then made for the first time, not having been raised at all on the motion for nonsuit) and this application was denied by the trial judge.

It is clear that the judgment cannot be sustained on the ground of variance, even though a variance existed, which is doubtful, the obstacle being in a passageway incidentally available on the plaintiff's way out. The evidence to establish the plaintiff's case was, however, given without objection, and the case appears to have been elaborately tried by the parties for the major part of two days without objection. The practice of our courts in such case has been to permit an amendment to conform to the proofs, and if necessary to sustain the judgment, to permit an amendment in the reviewing court. *Zick* v. *Smith, 95 N. J. L.* 388; 112 *Atl. Rep.* 846; *affirmed, 97 N. J. L.* 351; 116 *Atl. Rep.* 927.

The error, however, is not available to the plaintiff if other points urged on the motion were sufficient to justify the ruling.

As to the defendant's negligence, the facts as proved showed that the restaurant was composed of a lunch counter at which food was served to persons sitting on fixed stools. At the end of the counter and between that and the front wall of the store there was a recess thirty-six inches wide and extending back to the side wall of the store, making an L of the counter on which was the container holding the toothpicks. As already stated these toothpicks had been there upon previous occasions for the use of patrons. The scale had not always been there. Indeed there was testimony that the last time the plaintiff visited the restaurant it was not there. An invitation could be implied for patrons to avail themselves of the toothpicks as they were leaving, and if this be so, there was a duty to provide a reasonably safe place in which to exercise this privilege. From the evidence this duty, a jury might find, had not been complied with.

As to contributory negligence, we think this was also for the jury. The duty to observe the danger is not so clear that we can say that as matter of law the plaintiff was guilty of contributory negligence in stepping into the recess without observing the danger. The top of the scale which did not obstruct her passage, would of course be clearly observable, but the base would be at her feet where she might assume that the way was clear. On no one of the grounds urged can the judgment be sustained.

The judgment is reversed, and a *venire de novo* awarded.